| | | |
|---|---|---|
| JOHN JOSEPH ZINKAND, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| CARLOS HERNANDEZ, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** is before the Court upon initial review of John Joseph Zinkand's pro se

Petition for Writ of Habeas Corpus, 28 U.S.C. § 2254. (Doc. No. 4.)

**I.    BACKGROUND**

Petitioner is a prisoner of the State of North Carolina, who was convicted by a Macon

County jury of three counts of statutory sex offense, two counts of crime against nature, and one

count of taking indecent liberties with a child. State v. Zinkand, 661 S.E.2d 290, 291 (N.C. Ct.

App. 2008). Defendant was sentenced to several consecutive active terms of imprisonment

followed by an additional probationary sentence to begin at the expiration of the active

sentences. Id. at 293. Judgment was entered on November 17, 2006. Id. at 290.

On direct appeal, the North Carolina Court of Appeals affirmed Petitioner's convictions

and sentences but vacated the trial court's ruling which classified Petitioner as a sexually violent

predator and remanded the matter to the trial court for the entry of an order removing that

classification. Id. at 294. Petitioner's petition for discretionary review was denied by the North

Carolina Supreme Court on October 9, 2008. State v. Zinkand, 668 S.E.2d 783 (N.C. 2008)

(Mem).

Petitioner filed a motion for appropriate relief in the Macon County Superior Court on or

about May 5, 2011.  See State's Resp. to Pet. for Writ of Cert. ¶ 4, State v. Zinkand, No. P12-869

(N.C. Ct. App. filed Oct. 30, 2012).[1]  The MAR was denied on August 18, 2011.  See id.  On or

about October 15, 2012, Petitioner filed a petition for writ of certiorari, seeking review of the

trial court's denial of his MAR.  See Docket Sheet, id. at Doc. No. 1.  His petition was denied by

the North Carolina Court of Appeals on November 1, 2012.  See id.  Thereafter, according to

Petitioner, he filed a petition for writ of habeas corpus in the North Carolina Supreme Court on

May 19, 2017, which was denied on July 7, 2017.  (§ 2254 Pet. 4-5.)

On October 5, 2017, see Houston v. Lack, 487 U.S. 266, 267 (1988), Petitioner filed a

document titled "Petition for Writ of Certiorari" in this Court.  (Doc. No. 1.)  Because he was

challenging the validity of his state court judgments and had never before filed a petition for writ

of habeas corpus pursuant to 28 U.S.C. § 2254, the Court issued Petitioner notice of its intent to

construe the Petition for Writ of Certiorari as a § 2254 petition for writ of habeas corpus, see

Castro v. United States, 540 U.S. 375, 383 (2003).  (Doc. No. 3.)  The Castro Notice instructed

that Petitioner could indicate his acceptance of the conversion by completing the standard §2254

form used by this Court, signing it under penalty of perjury, and returning it by a set date.

(Castro Notice 3, Doc. No. 3.)  This step was necessary because the Petition for Writ of

Certiorari (Doc. No. 1) did not comply with Rule 2(d) of the Rules Governing Section 2254

Cases in the United States District Courts.  (Castro Notice 3.)

On October 31, 2017, Petitioner filed a completed §2254 standard form, which he signed

under penalty of perjury.  Accordingly, the Court shall dismiss the Petition for Writ of Certiorari,

but consider the instant §2254 Petition as having been filed on October 5, 2017, the date on

---

[1] See The North Carolina Supreme Court and Court of Appeals Electronic Filing Site and Document Library, https://www.ncappellatecourts.org.

which Petitioner initiated this action. Petitioner raises the following grounds for relief: 1) the statute under which he was convicted has been determined to be unconstitutional; 2) the indictments used to convict him were invalid; and 3) the State and the North Carolina Courts violated his due process right to challenge his convictions by refusing to respond to the claims raised in post-conviction.[2] (§2254 Pet. 5-11.)

## II. STANDARD OF REVIEW

The Court is guided by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which directs district courts to dismiss habeas petitions when it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief. Rule 4, 28 U.S.C.A. foll. § 2254. In conducting its review under Rule 4, the court "has the power to raise affirmative defenses sua sponte," including a statute of limitations defense under 28 U.S.C. § 2244(d). Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002). The court may dismiss a petition as untimely under Rule 4, however, only if it is clear that the petition is untimely, and the petitioner had notice of the statute of limitations and addressed the issue. Id. at 706–707.

## III. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 provides a statute of limitations for § 2254 petitions by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The petition must be filed within one year of the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[2] Petitioner also claims that "the State cannot lawfully keep Petitioner incarcerated with an unconstitutional statute that has been done away with[.]" (Ground Three, §2254 Pet. 8.) The factual predicate for this claim is the same as the claim raised in Ground One (§2254 Pet. 5.) Therefore, the Court does not treat them as separate grounds for relief.

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. The one-year period of limitation applies to the entire § 2254 petition, on a claim-by-claim basis. See Pace v. DiGuglielmo, 544 U.S. 408, 416 n.6 (2005).

Petitioner contends that his Petition is not untimely under any circumstance because his judgment has never become final. (§2254 Pet. 13-14, ¶ 18.) Petitioner asserts that when it vacated the trial court's order classifying Petitioner as a sexually violent predator, the North Carolina Court of Appeals vacated his sentences and remanded the matter to the trial court for resentencing. (§2254 Br. #I-#II, Doc. No. 4-1 at 11-12.) Petitioner has not been resentenced.

The North Carolina Court of Appeals did not vacate Petitioner's sentences and remand for resentencing, as Petitioner believes. As that court noted in its opinion on direct appeal, the North Carolina General Assembly established a program requiring those classified by trial courts as sexually violent predators to register as such after their release from incarceration. See Zinkand, 661 S.E.2d at 294 (citing N.C. Gen. Stat. § 14–208.6A (2007)). A sex offender is normally subject to registration for 30 years, unless he is (1) a sexually violent predator; (2) a recidivist; or (3) convicted of an aggravated offense. § 14-208.6A (2016). In those cases, a defendant is subject to registration for the duration of his natural life. Id.

"[T]here are no sentencing implications in the court's finding of a defendant to be a predator under [N.C. Gen. Stat. § 14-208.20] that allow the court to extend a defendant's sentence beyond the presumptive range for the sex crime for which he has been convicted. It is purely a means of classification." State v. Harris, 602 S.E.2d 697, 703 (2004), rev'd in part on other grounds, 622 S.E.2d 615 (N.C. 2005). In other words, a trial court may not use a

4

defendant's classification as a sexually violent predator under § 14-208.20 as a factor in determining his sentencing range. Additionally, North Carolina's sex offender registration requirements are civil, not criminal remedies. See State v. Sakobie, 598 S.E.2d 615, 618 (N.C. Ct. App. 2004) (citing State v. White, 590 S.E.2d 448 (N.C. Ct. App. 2004)). Therefore, the trial court's classification of Petitioner as a sexually violent predator was not part of Petitioner's sentence.

The North Carolina Court of Appeals vacated the trial court's order classifying Petitioner as a sexually violent predator because neither the State, nor the court followed the statutorily proscribed procedures for classifying Petitioner as such. Zinkand, 661 S.E.2d at 294 ("[T]there is no indication the State gave notice of its intent to classify defendant as a sexually violent predator, no indication there was an investigation by a board of experts, and no written findings by the trial court as to why defendant was to be classified as a sexually violent predator or a basis for the findings.") (citing N.C. Gen. Stat. § 14–208.20 (2007)). The appellate court did not address whether the trial court improperly used the sexually violent predator classification as a factor in determining Petitioner's sentencing range, and Petitioner does not assert that he raised such a claim on direct appeal. Thus, when the appellate court vacated "the trial court's ruling which classifies defendant as a sexually violent predator" and remanded "the matter . . . to the trial court for the entry of orders in accordance with [its] opinion[,]" id., it did not also vacate Petitioner's sentences and remand for resentencing. Petitioner's argument that his judgment is not final because he has never been resentenced, is without merit, because the appellate court never ordered that he be resentenced.

Petitioner's judgment was entered on November 17, 2006, when he was sentenced. His judgment became final on or about January 7, 2009, 90 days after the North Carolina Supreme Court denied his petition for discretionary review of the Court of Appeals decision on direct

appeal.  See Clay v. United States, 537 U.S. 522, 527 (2003) ("[F]or federal criminal defendants who do not file a petition for certiorari with this Court on direct review, [the] one-year limitation period starts to run when the time for seeking such review expires."); Sup. Ct. R. 13.1 (setting 90-day time limit for filing a petition for writ of certiorari).

The statute of limitations then ran uninterrupted for 365 days until it fully expired on or about January 7, 2010, almost eight years before Petitioner filed the instant habeas petition. None of Petitioner's filings in the state courts after that date resurrected or restarted the federal statute of limitations.  See Minter v. Beck, 230 F.3d 663, 665–66 (4th Cir. 2000) (recognizing that state applications for collateral review cannot revive an already expired federal limitations period).  Consequently, absent application of § 2244(d)(1)(B), (C), or (D), or equitable tolling, the § 2254 Petition is untimely.  See § 2244(d)(1)(A).

Petitioner does not contend that the statute of limitations should be tolled under any of the alternate provisions of § 2244(d)(1), but some of his arguments imply § 2244(d)(1)(D) might apply.  Specifically, he claims one of the statutes under which he was convicted was held to be unconstitutional and was split by the North Carolina General Assembly into two statutes, which, he contends, amounts to a "legislative pardon" for his convictions under the original statute.  (§ 2254 Pet. 4-6, Doc. No. 4.)  While this is certainly a creative argument, it holds no merit.

As noted, Petitioner was convicted of three counts of statutory sex offense, among other things.  At the time of his conviction, those offenses fell under N.C. Gen. Stat. § 14-27.7A (2005), titled "Statutory rape or sexual offense of person who is 13, 14, or 15 years old." (Indict., Pet'r's Ex. 5, Doc. No. 1-9 at 3-4.)  Section 14–27.7A(a) criminalizes either a "sexual act" (as defined in §14–27.1(4)) or "vaginal intercourse" with a victim aged 13, 14, or 15 by an individual six or more years older and not married to the victim.  In 2015, the North Carolina General Assembly recodified § 14-27.7A as § 14-27.25 (effective Dec. 1, 2015).  Section 14-

27.25(a) criminalizes vaginal intercourse with another person who is 15 years of age or younger by an individual at least 12 years old and at least six years older than the person, except when the defendant is lawfully married to the person. § 14-27.25 (2015). The General Assembly also added a statute -- § 14-27.30 (effective Dec. 1, 2015), which criminalizes a sexual act with another person who is 15 years of age or younger by an individual at least 12 years old and at least six years older than the person, except when the defendant is lawfully married to the person. § 14-27.30(a) (2015). In sum, as of December 1, 2015, statutory rape of a child under 15 and statutory sex offense with a child under 15 are criminalized in separate statutes rather than one.

Contrary to Petitioner's assertions, § 14-27.7A has not been held by either North Carolina appellate court or any federal court to be unconstitutional. Cf. State v. Howard, 580 S.E.2d 725 (N.C. Ct. App. 2003) (rejecting defendant's claims that § 14-27.7A violated the guarantees against cruel and unusual punishment, equal protection under the law, and due process of law). The statute has not been repealed; it has been recodified (i.e. renumbered), as were all of the offenses previously listed under Subchapter III Article 7A of North Carolina's criminal statutes. See Does v. Cooper, 148 F. Supp. 3d 477, 483 n.2 (M.D.N.C. 2015) (noting that all of the offenses previously listed under Article 7A are now codified under Article 7B (citing N.C. Session Law 2015-181)) (unpublished), aff'd sub nom. Doe v. Cooper, 842 F.3d 833 (4th Cir. 2016). The fact that the state legislature renumbered its criminal statutes, split some statutes, and added others does not render the original statute under which Petitioner was convicted unconstitutional.[3]

---

[3] Petitioner contends that the North Carolina Court of Appeals held that § 14-27.7A was unconstitutional in State v. Hicks, 768 S.E.2d 373 (N.C. Ct. App. 2015). (§ 2254 Br. 12-13, Doc. No. 4-1.) Hicks involved N.C. Gen. Stat. § 14–27.4(a)(1) and § 14–27.4, each of which requires the State to prove that the defendant engaged in a sexual act with a victim who was a child under the age of 13 years 768 S.E.2d at 379. In dicta, the North Carolina Court of Appeals noted that the Hicks case "illustrates a significant ongoing problem with the sexual offense statutes of this State: the various sexual offenses are often confused with one another, leading to defective indictments." Id. at 381. The court went on to state: "Given the frequency with which these errors arise, we strongly urge the General

Moreover, the recodification of Article 7A became effective on December 1, 2015. Petitioner has not pointed to anything indicating the General Assembly intended for the new statutory scheme to have any effect on those charged and/or convicted under the scheme existing prior to December 1, 2015. Because the reorganization of the North Carolina criminal statutes had no effect on Petitioner's judgment, he cannot use a date associated with that reorganization as the date on which his statute of limitations began to run. See § 2244(d)(1)(D).

Petitioner's claim that his indictments were invalid is based on either his meritless contention that § 14-27.7A was determined to be unconstitutional or on grounds that could have been raised on direct appeal. (§ 2254 Pet. 7.) Petitioner's claim that the State and the North Carolina Courts violated his due process right to challenge his convictions by refusing to respond to the claims raised in post-conviction, is not a claim that is cognizable on federal habeas review, regardless of the timeliness of the habeas petition. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); see also Lewis v. Jeffers, 497 U.S. 764, 780 (1990); Pulley v. Harris, 465 U.S. 37, 41 (1984); Rose v. Hodges, 423 U.S. 19, 21-22 (1975) (per curiam).

Consequently, the Court concludes the entire habeas Petition is time-barred under § 2244(d)(1)(A). Petitioner does not contend that equitable tolling of the statute of limitations should apply in this case. Accordingly, the Court shall dismiss the § 2254 Petition as untimely.

**IT IS, THEREFORE, ORDERED** that:

1. The "Petition for Writ of Certiorari" (Doc. No. 1) is **DISMISSED**;

2. The 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus (Doc. No. 4) is

   **DISMISSED** as untimely under 28 U.S.C. § 2244(d)(1)(A); and

---

Assembly to consider reorganizing, renaming, and renumbering the various sexual offenses to make them more easily distinguishable from one another." Id. The court did not hold or imply that any of the sexual offense statutes were unconstitutional. The General Assembly heeded the court's plea and reorganized, renamed and renumbered the various sexual criminal offenses, including § 14-27.7A. See N.C. Session Law 2015-181.

3. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right.  28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**SO ORDERED.**

Signed: January 23,

Frank D. Whitney
Chief United States District Judge